415 F.2d 511
 TINNEY PRODUCE COMPANY, Inc., et al., Appellants,
v.
H. A. PHILLIPS, Trustee in Bankruptcy for Tinney Produce
Company, Inc., Bankrupt, Appellee.
H. A. PHILLIPS, Trustee in Bankruptcy for Tinney Produce
Company, Inc., Bankrupt, Appellant,
v.
TINNEY PRODUCE COMPANY, Inc., et al., Appellees.
 No. 26223.
 United States Court of Appeals Fifth Circuit.
 June 17, 1969, Rehearing Denied Sept. 19, 1969.
 
 William J. Knight, Houston, Tex., Bennett B. Patterson, and Patterson McDaniel, Moore & Browder, Houston, Tex., for appellants Tinney Produce Co., Inc. and others.
 Thad Grundy, Hutcheson, Taliaferro & Grundy, Houston, Tex., for appellee, H. A. Phillips, trustee.
 Before TUTTLE and GEWIN, Circuit Judges and PITTMAN, District Judge.
 TUTTLE, Circuit Judge:
 
 
 1
 This case has previously been before this court on the sole question of whether the appellant Ned Gill impliedly consented to summary jurisdiction of the Referee in Bankruptcy to cancel and set aside certain allegedly fraudulent or preferential transfers made to Gill by the bankrupt, Tinney Produce Co., Inc. (5 Cir., 1964) 337 F.2d 258. Subsequent to that decision, favoring Gill, the matter came to trial on the merits in the bankruptcy court which found against Gill and in favor of the trustee to the extent that a $16,000 fraudulent transfer had been made to Gill in violation of 67(d)(2)(d) of the Bankruptcy Act with 'actual intent * * * to hinder, delay, or defraud either existing or future creditors.' Judgment also went against Gill in the sum of $27,075.13 based upon the Referee's findings that Gill had improperly disposed of this amount of the company's assets while actually in control of the company between the date of the filing of the petition for bankruptcy and the final adjudication. Tinney Produce Company appeals from the judgment of the trial court, denying its discharge on account of the acts that are involved in the other claims. The two judgments against Gill and the denial of discharge were consolidated for hearing in the trial court and on appeal.
 
 
 2
 Much too much has already been written about this case. Total briefs have exceeded 1,000 pages before the Referee, trial court and this court. It is not our purpose to add any more than is necessary to render what we now conclude to be a correct judgment by incorporating as much of what has previously been said either in this court's earlier opinion, generally stating the history of Tinney Produce Company, or the referee's findings of fact or the final judgment of the trial court.
 
 
 3
 Basically, the dispute arises from several undisputed facts. That is, that at a time when Mr. Gill was a large creditor of Tinney Produce Co. and an endorser on a large promissory note owed by the company to the bank, and at a time when the Referee and the trial court found the company was insolvent, Gill was in such a position, by reason of having an option to acquire all of the stock of the company and, because he was recognized by the officers who held their positions subject to his complete power to displace them, to cause certain payments, including a payment of $16,000 to be made to himself or to the bank to credit on the note on which he was an endorser. Subsequently, Gill physically took charge by placing his designee in the position of making collections and disposing of the company's assets after a petition in bankruptcy had been filed and pending adjudication a considerable time thereafter. Gill complains principally of the determination by the referee, affirmed by the trial court, that the payment of the $16,000 item amounted to a fraudulent transfer under the terms of the bankruptcy law.
 
 
 4
 The evidence supports the findings, and we are therefore unable to conclude that the determination on this issue by the trial court is clearly erroneous. The judgment as to this amount in favor of the trustee must therefore be affirmed.
 
 
 5
 The next matter of substance relates to the amount of the trustee's claim against Gill, and it has to do with the disposition of the company's assets when, on adequate evidentiary basis, the referee and the trial court found Gill was in complete domination of these assets. This claim originally resulted in a judgment by the referee against Gill in the sum of $29,435.49. This judgment was affirmed by the trial court after deducting therefrom an item of $2,360.36 plus interest, representing an income tax recovery paid by the government to the Tinney Produce Company during the period when, according to the findings by the trial court, Gill was in possession of the company's assets.
 
 
 6
 In approving, then, a judgment against Gill for $27,075.13 in the claim for an accounting for the assets of the bankrupt, the trial court overlooked two items that make it necessary for us to correct this figure. (1) After the referee's original findings of fact had been filed, he made a supplementary finding, by which he amended finding 41 and by which he reduced the amount originally found by him to be due by the sum of $4,193.10. However, the trial court in making the findings of fact, failed to note this amendment to the referee's original findings of fact. Thus, the sum of $27,075.13 must be reduced initially by this amount, leaving a balance of $22,862.02. The appellee now concedes that this allowance is proper, although it required an inquiry from this court after the submission of the case with the more than 1,000 pages of briefs above referred to to get to the bottom of this particular item. (2) It is perfectly clear that certain of the assets that came into Gill's constructive possession following the filing of the petition in bankruptcy were covered by a chattel mortgage to the bank, which was subsequently acquired by Gill. Again, upon particular inquiry made by the court after the case had been submitted on oral argument, appellee now concedes that of the sum which the trial court and the referee originally found was owed by Gill on account of the disposition of assets, $5,352 had been collected from the sale of mortgaged personal property for which Gill was entitled to protection under the bank's mortgage and the claim against Gill should be reduced by the same amount. This, then would reduce the sum due on this claim to the figure of $17,510.03.
 
 
 7
 As already indicated, the referee included in the judgment he entered an item representing a refund of income taxes based on a carry back of a corporate loss. The trial court, in its judgment, disallowed this item, because it stated that the proof that it came into Gill's possession or control was hearsay testimony. On the contrary, having read the findings of fact by the referee and having referred to the parts of the record relating to this matter, we think the evidence fully supports the referee's findings that this check went into the bank account of the corporation during the time that Gill was in constructive possession of all of its assets, and that, according to the evidence, was utilized to reduce the indebtedness to the bank on which Gill was an endorser. Actual proof with respect to the handling of this refund check to the government was sparse, indeed, in the record, but both parties have now dealt with the matter on appeal as though the actual disposition of the check had been fully proved. Moreover, appellant against whom we find it necessary to rule with respect to it, has attached photostatic copy of the check with its endorsements showing it to have gone into the bank account which was under the control of the person placed in charge by Gill. We think this, coupled with the accountant's statement that he 'was told by Mr. Gill that he did collect the money for it' (an exception to the hearsay rule, because binding on Gill as a statement contrary to his interest) was more than sufficient to support the referee's finding that this money went the way of other assets of the company in partial satisfaction of the company's indebtedness to the bank, which, of course, benefitted Gill.
 
 
 8
 This adjustment, then, brings the amount of this claim back to the sum of $19,870.39.
 
 
 9
 We have carefully read the findings of fact and conclusions of law both of the referee and of the trial court and measured them carefully against the contentions, strenuously made by both parties, dealing with the denial by the referee and the trial court of the discharge of Tinney Produce Co., Inc., on the one hand, and dealing with the failure of the trial court to require a marshaling of assets and a subordination of Gill's remaining claims as adjudged by the referee on the other.
 
 
 10
 We have particularly noted appellant's extreme discomfort over the purported failure to understand why the judgment against Gill should include amounts paid by one of Gill's companies into the account managed on behalf of Tinney by Gill's representative for services performed for Gill's companies by the person employed by Tinney to liquidate its assets. The conclusion that Gill should be charged with this amount is based upon the finding that this employee was a full time employee of the bankrupt and paid by its assets pending adjudication, but used on occasion on behalf of Gill for other purposes, and that the monies paid for his time became funds belonging to the bankrupt company, and when disbursed by it for Gill's benefit by the payments to the bank on the note endorsed by Gill this sum became one of the items for which Gill would have to account.
 
 
 11
 Having carefully considered each of the facts that has gone into the final judgment, we affirm the judgment of the trial court in all respects, except as to the three items that have been stated above, that is, a reduction in the judgment against Gill for disposition of the company's assets by reason of the amended finding of the referee and by reason of the fact that Gill had good security on part of the assets that were disposed of and finally with respect to charging Gill for the proceeds of the refund check received by the company.
 
 
 12
 Except as modified herein, the judgments of the court are affirmed. Costs will be borne three-fourths by appellant and one-fourth by appellee.
 
 ON PETITION FOR REHEARING PER CURIAM:
 
 13
 The court has carefully considered the motion for rehearing and has called for further memoranda with respect to 'assignment of error No. 1,' relating to the item of $3,981.27, included in the judgment against Ned Gill. It is clear that the disposition of this item of $3,981.27 depends upon findings of fact as to which we cannot find the trial court's judgment to be clearly erroneous. The court's prior determination with respect to this item cannot, therefore, be modified.
 
 
 14
 After full consideration the court concludes that the Petition for Rehearing must, in all respects, be denied.